Common Pleas Court of Hamilton County.

FRANK JONES V. GEORGE PENKETH, ET AL.

Decided October 24, 1933.

*Fricke, Driskill* and *Robert G. McIntosh,* for plaintiff.
*Edwin K. Levi,* for George Penketh, and Massachusetts Bonding & Insurance Company.

SCHWAB, J.

This case is before the court upon a demurrer of the plaintiff to the amended answer of the defendant, George Penketh.

The petition in this case seeks damages against the defendants herein for the willful and malicious shooting of the plaintiff by the deféndant George Penketh while in the performance of his duties as a police officer of the city of Cincinnati.

The answer of George Penketh admits that he was a police officer in the city of Cincinnati at the time complained of in the petition, and that he, as such officer, gave the bond as required by law, and further denies all of the other allegations of the petition.

As a first defense he states that at the time complained of he had lawfully arrested Frank Jones, the plaintiff, on a misdemeanor charge, and that while under arrest and in the custody of the defendant, the plaintiff assaulted the officer with intent to kill, and that following this assault the plaintiff fled and refused to halt upon command of defendant, whereupon the defendant shot him.

For a second defense he reiterates the allegations of the first defense and alleges that the shot was fired in defense of his life.

To this answer the demurrer of plaintiff was filed on the ground that the answer does not constitute a valid defense.

It is urged by counsel for the plaintiff that a police officer arresting a person for the commission of a misdeameanor, may not shoot such person to prevent his escape; and if the officer does shoot such a person so arrested, he is liable for his unlawful act. In support of this contention counsel cites the case of *William S. Rischer* v. *William Meehan*, 11 O. C. C., 403, the syllabus of which reads as follows:

"The plaintiff being in the custody of the defendant Meehan, as marshal of the city of Wellsville, having been arrested by such marshal for fighting on the streets and for carrying a concealed weapon, attempted to escape, and fled, and in arresting his flight, and for the purpose of re-capturing him, such officer shot and wounded the plaintiff. *Held*, that the plaintiff being under arrest for the commission of misdemeanors only, the act of the officer in shooting him, for the purpose aforesaid, was unlawful, and an act of official misconduct, for which the sureties on his official bond are responsible."

The facts, however, as presented by the allegations of the answer create an entirely different situation. The officer had placed the plaintiff under arrest on a misdemeanor charge, and while in the custody of the officer, in the presence of the officer, the plaintiff committed a felony following which he attempted to escape.

Section 13432-1, General Code, reads as follows:

"A sheriff, deputy sheriff, constable, marshal, deputy marshal, watchman or police officer, herein designated as 'peace officers,' shall arrest and detain a person found violating a law of this state, or an ordinance of a city or village, until a warrant can be obtained."

Under the law of this state an officer is not only authorized to arrest an individual committing a felony in his presence, but it is his sworn duty so to do, and in making such an arrest he may use such force as is necessary to overcome the resistance of the accused, even to the taking of his life.

The rule of law in this connection will be found in the second syllabus in the case of *Collins and Hager* v. *Commonwealth*, 192 Kentucky Rep. 412, which reads as follows:

"CRIMINAL LAW—Commission of Felony in presence of Officer — Instructions. — An instruction which bases the right of an officer of the law in whose presence a felony has been committed to shoot and kill the deceased, to depend wholly upon the self defense of himself or the other officer present, is erroneous. The law exacts from such officer the duty, where a felony has been committed in his presence, to arrest the accused, and in doing so he is given all the protection afforded by law to officers in making felony arrests, and he may use such force as may be necessary to overcome such resistance even to the taking of the life of the accused; and it matters not that the officer, or either of them, may not at the time be in danger of losing their lives at the hands of the accused."

The facts in this case are as follows:—

Two officers undertook to arrest the deceased upon misdemeanor charges, and while so attempting the arrest, the deceased shot one of the officers and was shot and killed by the other officer. The two officers were charged and tried for murder and found guilty of manslaughter. In reversing the judgment in this case the Court of Appeals of Kentucky stated the law as set forth in the syllabus above quoted.

In the opinion of this court, while a police officer may not shoot to prevent the escape of one charged with a misdemeanor, where, as in this case, a felony is alleged to have been committed in the presence of the officer, and the shooting followed his attempt to escape, and was necessary to effect his arrest, such facts if established by evidence would be a good defense.

The state commands the officer to arrest those committing felonies in his presence and likewise clothes the officer with every safeguard. The fact that the original arrest was for a misdemeanor would not give the accused the right while in the custody of the officer to commit felonies with impunity.

The court is therefore of the opinion that the demurrer is not well taken and the same is hereby overruled,